UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

```
-----------------------------------:
                                   :
Frank Brimage                      :
                                   :
        Petitioner                 :
                                   :
              V.                   :    Case No; 95 CR 10046
                                   :
United States of America           :
                                   :
        Defendant                  :
                                   :
-----------------------------------:
```

### NEWLY DISCOVERED EVIDENCE

### PURSUIT TO TITLE 28 RULE 60 (B)

Come now the petitioner in the above-captioned cause of action, Frank Brimage, in Pro Se and respectfully moves this Honorable United States District Court to set aside or correct sentence pursuat to title 28 UNITED STATES CODE, rule 60 (B). In support of the instant motion the petitioner would respectfully show unto this Honorable United States Court as follow:

On January 31,1996 the petitioner Frank Brimage was found guilty under title 18 U.S.C. 924 (E) as a armed career criminal, and was sentenced to a term of imprisonment of 262 months to be followed by a period of 48 months of supervised release.

Ground One:

       That the petitioner sentence was enhanced due to the over-respresentation of his criminal history for convictions that the petitioner was not conviction of.

Argument One:

(1)

There is no doubt that a court may depart from the career offender status of a defendant if the sentence over-represents the defendant's criminal history. <u>United States V. Shoupe</u>, 35 F.3d 835 ( 3rd Cir. 1994 ). Two arguments are presented herein. First, that the sentencing court should have departed downward and second, that the sentencing court should have removed criminal history points for matter that were not proven as convictions. See; <u>Shepard V. United States</u> 544 U.S., 161 LED 2d 205, the government rely on police reports and information in the P.S.I. report. As stated the court is clearly without document proof of judicial review of the prior convictions purportedly levied against the petitioner, See Exhibit (A) Pre-Sentence Report ( P.S.I. ) page (7) paragraph (3) ( B&E NIght W/ INT to commit felony, Brookline Dist, CT. ) See Exhibit (A) page (7) paragraph (1) ( Assit by means Dang, Weapon (2cts), Suffolk Sup Ct). See Exhibit (A) page (7) paragraph (2).

Argument Two:

In accordance with the decision in <u>Shepard V. United States</u> 544 U.S., 161 LED 2d 205. The government failed to introduce an accusatory instrument or charging document after the fact that the petitioner ( Mr. Brimage ) objected that he was not convicted of the crime and never when to court. See Exhibit (B)(1) Disposition, page (9) paragraph (3) lines 18 to 22. See Exhibit (B)(2) page (11) paragraph (4) lines 16 to 19. also See Exhibit (B)(3) page (12) paragraph (2) lines 6 to 15. In particular, the government failed to (A) introduce a docket sheet or transcript minutes of the proceeding that allegedly gave rise to the conviction's. (B) the government failed to demonstrate whether the convictions resulted from a plea-agreement or trial conviction. (C) the government failed to establish that the petitioner present of was represented by counsel. (D) the government also failed to prove that the petitioner served the alleged conviction required alleged imposed. The government must prove that the petitioner procedures of the court of origin for the alleged conviction required the presence of a defendant and an attorney. See Exhibit (B)(4) page (18) paragraph (2) lines 3 to 9.

## IN CONCLUSION

This court should review the petitioner case in light of Shepard V. United States 544 US, 161 LED 2ed 205. The Supreme Court held that a sentencing court was limited in what it could use or rely upon in making a factual finding that a state court conviction qualified as a valid predicate under the A.C.C.A. In so holding, the shepard court ruled that a sentencing court was limited to the text of the statue and the charging document.

Respectfully Submitted

Frank Brimage Pro Se
P.O. Box 1000
Otisville, NY. 10963

## CERTIFICATE OF SERVICE

I certify that a true copy was sent to James F. Lang, Assistant United States Attorney, at 1003 U.S.P.O. & Courthouse, Boston, MA. 02109 on the 19 day of July 2005

Respectfully Submitted

Frank Brimage Pro. Se.
P.O. Box 1000
Otisville, NY. 10963