```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| FRANK BRIMAGE ) | |
| ) | |
| v.         ) | CIVIL NO. 05-11612-PBS |
| ) | |
| UNITED STATES ) | |
| ) | |

**GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S
SECOND MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

The United States of America, by United States Attorney Michael J. Sullivan and Assistant United States Attorney James Lang, submits this memorandum in opposition to the petitioner Frank Brimage's pro se motion captioned "Newly Discovered Evidence Pursuit (sic) To Title 28 Rule 60 (B)." Notwithstanding the convoluted caption, which would appear to be a mixed reference to 28 U.S.C. § 2255 and to Fed. R. Civ. P. 60(b), it is clear that the petitioner's motion is in fact a motion pursuant to § 2255 to vacate, set aside, or correct his sentence. This Court has treated it as such in its Order of August 8, 2005 directing the government to file an answer, and the government does so as well herein.

**I. PROCEDURAL HISTORY**

On February 7, 1995 a grand jury returned an indictment charging the petitioner and a codefendant, Tracy Ross, with being previously-convicted felons in possession of firearms, in violation of 18 U.S.C. § 922(g)(1) (each man was charged in a separate count, the petitioner in Count One and Ross in Count

Two). [D.E. 1].[1]  On September 27, 1995, following a jury trial, the petitioner and Ross were both found guilty. [D.E. 134].  On January 31, 1996, the Court sentenced the petitioner to a term of incarceration of 262 months, having determined that he qualified for an enhanced sentence as an armed career criminal ("ACC") under 18 U.S.C. § 924(e). [D.E. 166].

The petitioner filed a timely notice of appeal. [D.E. 172]. His conviction was affirmed by the First Circuit on June 9, 1997. United States v. Brimage, 115 F.3d 73 (1st Cir. 1997). Thereafter, he timely filed a petition for a writ of certiorari. The Supreme court denied that petition on October 14, 1997. Brimage v. Unite States, 118 S.Ct. 321 (1997) (Mem).  The petitioner's conviction became final on that date.

On August 30, 1998, the petitioner filed a motion for post-conviction relief purporting to be pursuant to 28 U.S.C. § 2241 ("First Habeas Petition").  [D.E. 216; Habeas D.E. 1].  On February 10, 1999, the Court entered an order re-designating that pleading as a motion pursuant to § 2255. [Habeas D.E. 5].  In his pro se motion, and in a supplemental filing submitted on November 6, 1998 (Habeas D.E. 2), the petitioner advanced two grounds in support of the requested relief: first, he asserted that a special agent of the Bureau of Alcohol, Tobacco, Firearms and

---

[1]Docket entries for the petitioner's underlying criminal case and for his first § 2255 civil proceeding are cited respectively as "D.E." and "Habeas D.E."

Explosives ("ATF") was present during the deliberations of the grand jury that returned the indictment against him;[2] and second, he claimed that he was denied effective assistance of counsel because his attorney declined to pursue an entrapment defense. [First Habeas Petition at ¶¶ 7-10, 11-12]. In an order issued on October 25, 1999, the Court denied the petition. [First Habeas Order 1-9; Habeas D.E. 7-8]. The petitioner did not seek a certificate of appealability.

On July 25, 2005, the petitioner filed the § 2255 motion ("Second Habeas Petition") to which the government responds herein.

---

[2]The petitioner subsequently revised this allegation to claim that the ATF agent had improperly been present in the jury room of the **petit** jury that convicted him at trial. See Memorandum and Order on Motion to Vacate, Set Aside, or Correct Sentence ("First Habeas Order") at 4.

**II.   THE PETITIONER'S SECOND AND SUCCESSIVE HABEAS MOTION MUST BE DENIED BECAUSE HE HAS NOT SOUGHT OR OBTAINED AN ORDER FROM THE FIRST CIRCUIT AUTHORIZING THIS COURT TO CONSIDER THE PETITION.**

The instant motion is properly characterized as a second and successive motion for relief pursuant to 28 U.S.C. § 2255. Section 2255 expressly states:

> A second or successive [§ 2255] motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals[3] to contain–
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

The petitioner has not sought leave of the First Circuit to file his second habeas petition.  Accordingly, this Court is obliged to dismiss it, as it is procedurally barred.

**III.   THE PETITIONER CANNOT SATISFY THE PREREQUISITES FOR CONSIDERATION OF HIS CLAIMS.**

The petitioner erroneously characterizes his motion as one predicated on newly discovered evidence.  It is not.  Rather, it is based on the recent decision by the Supreme Court in <u>United</u>

---

[3]Section 2244 provides in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

States v. Shepard, 125 S.Ct. 1254 (2005).[4] [Second Habeas Petition 1-2]. As such, the petitioner would only be entitled to consideration of whether Shepard entitles him to relief if: (1) it announced a new rule of constitutional law, and (2) the Supreme Court has made that rule retroactive to cases on collateral review. Neither condition precedent is satisfied.

In Shepard, the Supreme Court construed the enhanced sentencing provisions of the Armed Career Criminals Act of 1986 ("ACCA"), 18 U.S.C. § 924(e), which mandates a minimum 15-year prison sentence for anyone possessing a firearm after sustaining three prior convictions for serious drug offenses or violent felonies. More specifically, the Court was called upon to delineate what documents the sentencing court could properly consider in determining whether the defendant's various breaking and entering convictions, which were based upon guilty pleas, were for generic burglary, i.e., breakings and enterings of buildings rather than motor vehicles or vessels. Only the former constitute violent felonies under the ACCA. Shepard, 125 S.Ct.

---

[4] The petitioner fleetingly advances a second ground for relief: that this Court should have downward departed from the applicable guidelines sentencing range (which the petitioner erroneously asserts was that pertaining to a career offender, rather than an ACC) based on an over-stated criminal history score. [Second Habeas Petition 1-2]. Unquestionably, that claim is procedurally defaulted, as it should have been raised on direct appeal and the petitioner has offered no cause for his failure to do so, nor demonstrated any resulting actual prejudice. See United States v. Frady, 456 U.S. 152, 170 (1982).

At 1257.  The Court held that the sentencing court's inquiry "is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information."  Id. at 1263.

In so doing, the Court expressly stated that it was "dealing with an issue of statutory interpretation."  Id. at 1261.  Thus, it did not announce a new constitutional rule.  Consequently, the Shepard decision cannot properly be relied upon in a second and successive habeas petition.

Additionally, in neither Shepard nor any subsequent case has the Supreme Court declared it's decision in Shepard to be retroactive to cases on collateral review.  Nor did it say anything to even suggest any such retroactivity.[5]  For this reason as well, the petitioner's reliance on Shepard is misplaced.  See Morales v. United States, 2005 WL 807051 (April 7, 2005) at *6-8 (declaring that Shepard does not apply retroactively to cases on collateral review); Langley v. United States, 2005 WL1114710 at *2 (M.D.N.C. May 5, 2005) (same); Darco v. United States, 2005 WL 1804475 at *4 (E.D.N.Y. July 28, 2005)

---

[5]Indeed, even if Shepard had articulated a new constitutional rule of criminal procedure, under Teague v. Lane, 489 U.S. 288 (1989), it presumptively would not be retroactively applicable to cases that became final before the decision was announced.

6

(same).

Even if this Court were to reach the merits of the petitioner's Shepard argument, he would not be entitled to relief. The Presentence Report ("PSR") in his underlying criminal case identified four qualifying ACCA predicate convictions: (1) a 1968 conviction in Suffolk Superior Court for rape; (2) a 1971 conviction in Suffolk Superior Court for assault by means of a dangerous weapon; (3) a 1971 conviction in Norfolk Superior Court for kidnapping, assault with intent to rape, and rape; and (4) a 1980 conviction in Suffolk Superior Court for armed robbery. [PSR ¶¶ 29, 31, 32, 34, and 44]. The PSR did not rely on a possible fifth predicate conviction, a 1988 conviction in Brookline District Court for breaking and entering in the nighttime with intent to commit a felony. [PSR ¶¶ 35, 44]. The petitioner did not submit any objections to the PSR's designation of him as an ACC.

Nor did he advance any such objections at the sentencing hearing. Defense counsel did at the outset initially inform the Court that he would like a continuance and leave to file objections to the PSR, stating that he had received "no verification for at least two of the four ACC predicates." [Sentencing Hearing, January 31, 1996 ("Sent. H.") 3]. Presumably he was referring to the Suffolk Superior Court convictions for rape and assault by means of a dangerous weapon,

7

as the PSR stated with respect to each that the clerk's office of that court had been unable to locate the relevant records. [PSR ¶¶ 29, 31]. But when pressed whether he wanted additional time to determine the status of those two unverified predicate convictions or to have the Probation Office gather more documentation, defense counsel conferred with the petitioner before withdrawing his request for a continuance. [Sent. H. 6-10]. When the Court stated that it wanted to be sure that there was no doubt in counsel's mind that there were "sufficient convictions to trigger the ACC status," counsel indicated that he was satisfied. Id. at 10. Only then did the Court proceed to sentence the petitioner as an ACC.[6] And it did so without reliance on any burglary convictions.

It should be clear from the foregoing, that even if Shepard applied retroactively, it would be unavailing to the petitioner. His status as an ACC was not contested. Nor was it based on any burglary convictions whatsoever. Hence, Shepard is irrelevant.

In sum, the petitioner's claim for relief, beyond being

---

[6] In advance of the sentencing, defense counsel had filed a motion to continue the sentencing until a pending motion for a new trial had been resolved. [D.E. 154]. At the sentencing, he orally supplemented the continuance request by asking for time to pursue objections to the PSR's designation of the petitioner as an ACC. This Court indicated its inclination to deny the continuance motion insofar as it was based on the pendency of the new trial motion, see Sent. H. 7-10, but made clear it would postpone the proceeding if defense counsel and the petitioner wanted more time to challenge the ACC designation.

procedurally barred, is wholly without merit.

## CONCLUSION

For the foregoing reasons, the Court should dismiss the petitioner's second and successive motion to vacate, set aside, or correct his sentence.

                                        Respectfully submitted,

                                        MICHAEL J. SULLIVAN
                                        United States Attorney

By:

                                        /s/ James Lang
                                        JAMES LANG
                                        Assistant U.S. Attorney

CERTIFICATE OF SERVICE

    This is to certify that on August 30, 2005 I intend to served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

        Frank Brimage, Pro Se
        P.O. Box 1000
        Otisville, NY 10963

    Signed this twenty-ninth day of August, 2005.

                      /s/_____
                      James Lang
                      Assistant U.S. Attorney