UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 95-CR-10046
                 P.B.S.

FRANK BRIMAGE
  Petitioner

VS.

UNITED STATES OF AMERICA
  Defendant

NEWLY DISCOVERED EVIDENCE PURSUANT
TO TITLE 28 RULE 60(B) REPLY BRIEF
FOR APPELLANT

Now comes the petitioner in the above-captioned cause of action, Frank Brimage, In Pro se and respectfully moves this Honorable United States District Court to set aside or correct sentence pursuant to Title 28 United States Code, 60(B). In support of the instant motion, the petitioner would respectfully show unto this Honorable Court as follows.

ON January 31, 1996, the petitioner, Frank Brimage was found guilty under Title 18 U.S.C. §924 (e) as an armed career criminal and was sentenced to a term of imprisonment of 262 months to be followed by a period of 48 months os supervised release. Doing petitioner's sentencing hearing he explained to his counsel (Mr

1

Peter B. Krupp) in two particular cases in my presentence investigation report (hereinafter - - P.S.I.) were not valid. Counsel objects to pages 7 ¶36 and 8 ¶38 in my P.S.I. at my sentencing hearing.

DISPOSITION PAGE 4 ¶16

Assistant United States prosecutor James F Lang, stated, "It was my intention in coming in today your Honor to request 262 months. Since I learned this information in very, sketchy fashion. I have been trying to assess in my mind whether it would affect my recommendation. I certainly find this information extremely troubling. It paints a far more sinister picture of Mr. Frank S. Brimage than I already envisioned but I could say to your Honor, that if you feel based on your current inclination that the information will not affect your sentencing, even in the face of a higher recommendation I am not adverse to going forword".

The Court, No, I do not want you to put it all back on me I think that 262 months is a very high sentence for what happened in my case".

"Your Honor, what puzzles me the most is the government did not follow the enhancement procedure of A.C.C.A. (924(e)). The government upon seeking enhancements under (924(e)) A.C.C.A., was required to present documented proof of there violent felonies or serious drug offenses for judicial review, see <u>United States V</u>

915 F.2d 759 (1st cir. 1990) similar <u>United States V Aloi</u>, 773 F Supp. 55 (N.D. Ohio 1991)." The three convictions that were relied upon by the government was, a rap sheet and police reports. Even upon objection that I did not commit these criminal crimes, this court allowed the burden to be on the accused to show it was not him who committed those prior offenses. Congress did not intend for a defendant to establish, that he was not convicted of a prior charge.

The correct procedure of A.C.C.A., see <u>United States V Clark</u> 735 F.Supp. 861 (N.D.ILL. 1990) accord <u>United States V Aloi</u>, 773 F.Supp. 55-6 supra, generally, as in all cases the government has the burden of establishing an accused's prior conviction for the sentencing enhancement purposes, see <u>Wilkinson</u>, 926 F.2d at 28. This burden will be satisfied if the government offers certified records which, on their face, demonstrates that the prior convictions were valid, see <u>Taylor</u>, 882 F.2d at 1031 and <u>White</u> 890 F.2d at 1035-36. A certified record would fail to meet this burden if, for example, the record indicated that defendant had not been represented by counsel (Gantt) 659 F.Supp. at 79, see <u>Burggett</u>, 389 U.S. 104, 1 L.Ed.2d 319. Once the government introduces sufficient documentary evidence, the burden shifts to defendants to prove, "that, the convictions were infact, not convictions or were not constitutionally sound, <u>Taylor</u>, at 1031 supra, accord <u>Gallman</u>, 907 F.2d 642-44.

In the case at bar, the government did not follow the procedure of A.C.C.A. enhancement and this court adopted a presentence report

3

and considered evidence without the record of a guilty plea to sho
a valid conviction upon Mr. Brimage. Once petitioner objected, th t
he was not convicted of what the government relied on in the P.S.I ,
the burden was on the government to show a valid record of a guil:
plea. This was not done see "sentencing papers" attached and mark d
as exhibit A. Congress did not intend for the government or, the
probation to enhance with the priors on unreliable evidence (arre;
rap sheet), and have this court consider in a judicial review of  lied
upon convictions mis-information. Important function of prosecuto
upon sentence is to make sure that all information in his possess: )n
material to punishment and favorable to an accused is not based or
mistakes of fact or faulty information, misinformation of misunders anding
that is materially false assumptions as to any facts relevant to
sentencing rendering, entire sentencing procedure invalid, as a vi lation
of due process, see <u>United States V Malcolm,</u> 432 F.2d 809 (2nd cir. 970).
The fair administration of justice demand that sentencing judge wil
not act on surmise misinformation and suspecion but will impose a t rm
with "insight" and understanding.

   This court assuming the convictions were valid was impermissibl
from a silent record. Once Mr. Brimage objected he was not the per on
convicted on the crimes the government was obliged to show by the
preponderance of the evidence in fact petitioner's record of convi tion
and judgment sheet which is the only conclusive proof of prior conv ction.

   In <u>United States V Spell,</u> 44 F.3d 936 (11th cir. 1995) where th

4

conviction's validity was at issue. The burden of proof issue is an important aspect of the sentencing process requiring resolution of an appearent conflict between the parties. Especially, when the presumption against a conviction and the presumption (in favor of the validity) of a conviction is being attacked. Petitioner Brimage had noted the procedure on how the A.C.C.A. enhancement applied to him without the court considering a valid certified record of conviction

Under federal rules of criminal procedure 32(b), it should be noted that a defendant's arrest record is filled with errors not to be relied upon. Since district cocurt erroneously placed the burden on Mr. Brimage rather than the government, its findings on the evidence must be [re]evaluated on remand in the light of a proper burdent of proof, rule.

In <u>United States V Lampton,</u> 158 F.3d 251 (5th cir. 1998) where the government afforded the accused due process by following the enhancement procedure by showing the convictions was the defendant's and not those of another person. The government produced (1) certified copies of that defendant's two prior state cases (arrest) registers corresponding to his two state convictions, (2) fingerprint exemplare from both state arrest register, (3) certified copies of both state convictions and, (4) defendant's fingerprint exemplares from the current offense maintained by the United States Marshal's Service. The prosecutor further submitted the expert's testimony of a police fingerprint expert who then testified that the attestee's fingerpint

5

on the two state arrest registers matched defendant's federal fingerprint card.

In accordance with the decision of <u>Shepard V United States</u>, 544 U.S. \_\_\_ 2005, the government relied on police reports and another information in the P.S.I., and this court is without documental proof of judicial review of the prior conviction purportedly levied against Mr. Brimage, or the purported convictions as follow:

> P.S.I. at 35 - - 2/12/88 B&E night w/int         3 points.
> to commit felony
> Brookline Dist. Ct.
>
> ~2/19/80 asslt by means         3 points.
> dang weapon
> 2 cts.
> Suffold county sup. Ct.
>
> Armed bank robbery        3 points.
> see P.S.I. information.

Here, the government failed to introduce an accusatory instrument or charging document after the fact that Mr. Brimage objected that he was not convicted of the crime and never went to court on those charges. In particular, the government failed (A) to introduce a docket sheet ortranscript minutes of the proceedings that allegedly gave rise to the conviction (B) to demonstrate whether the conviction resulted from a plea or conviction after a trial (C) estsblish that Mr. Brimage present or was represented by counsel (D) to prove that Mr. Brimage served the alleged conviction

6

required allegedly imposed (E) to prove that Mr. Brimage procedures of the court of origin for the alleged conviction required the presence of a defendant and a lawyer.

### CONCLUSION
(161 L.Ed.2d 205)

This court should review Mr. Brimage's case in light of <u>Shepard</u>, V <u>United States</u>, 544 U.S. ___, 2005, where the Supreme Court held that a sentencing court was limited in what it could use or rely upon in making a factual finding that a state court conviction qualified as a valid predicate under the A.C.C.A. In so holding, the <u>Shepard</u> Court ruled that a sentencing court was limited to the text of the statute and the charging document.

### CERTIFICATE OF SERVOCE

I, hereby, certify that a true copy was sent to the Clerk's office, United States District Court on _12_ day of September 2005, to be forwarded to the United States prosecutor's office (because of unknown address).

Respectfully submitted

Frank S. Brimage Jr
Frank Brimage Pro-Se,
reg. no. 20486038
F.C.I. (Otisville)
P.O. Box 1000
Otisville, NY 10963

7